United States District Court
Southern District of Texas
ENTERED
November 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR MIRANDA OLIVARES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8940 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Oscar Miranda Olivares ("Petitioner"), a citizen of Mexico, entered the United States without inspection in May 2002.[1] On August 14, 2026, Petitioner was taken into immigration custody.[2] On August 15, 2026, Petitioner was served with a Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act, due

---

[1]Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 7 ¶¶ 26-28; Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 7 ¶¶ 30-31.

[3]Notice to Appear, Exhibit 1 to Respondents' MSJ, Docket Entry No. 4-1, pp. 1, 4.

[4]Respondents' MSJ, Docket Entry No. 4, p. 2.

process, equal protection, the Suspension Clause, and that his arrest violated the Accardi doctrine.[5] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 4). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

Petitioner's "Fifth Amendment equal protection claim is unavailing because he fails to identify a similarly situated class that is treated more favorably than noncitizens who entered the country without inspection, and he does not state facts to show that he falls outside of the statutory definition of an applicant for admission under 8 U.S.C. § 1225(b) as interpreted by the Fifth Circuit in Buenrostro-Menendez." Soy v. Blanche, CIVIL ACTION NO. 4:26-CV-02808, 2026 WL 1018345, at *1 (S.D. Tex. Apr. 15, 2026).

Moreover, Petitioner cannot seek habeas relief under the Accardi doctrine. Although Petitioner alleges he was arrested without a warrant in violation of 8 C.F.R. § 287.8(c)(2)(i), "an illegal arrest has no bearing on the legality of detention following that arrest." Camesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

---

[5]Habeas Petition, Docket Entry No. 1, pp. 20-33 ¶¶ 76-150. As explained by Jimenez v. Noem, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), Petitioner's claims that his detention violates the Suspension Clause is foreclosed.

[6]Respondents' MSJ, Docket Entry No. 4, pp. 1-2.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 4) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 24th day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE